UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:25-CR- 73 -CHB

UNITED STATES OF AMERICA                                       PLAINTIFF

V.                            PLEA AGREEMENT

CHRISTOPHER RHODES                                             DEFENDANT

                    *    *    *    *    *

1.      Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the Defendant, Christopher Rhodes, will enter a guilty plea to the Information, which charges the Defendant with interstate communication of a threat, in violation of 18 U.S.C. § 875(c) (the offense). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, and will dismiss the underlying Indictment, unless the Defendant breaches this Agreement.

2.   The essential elements of the offense are as follows:

   (a)   That the Defendant knowingly sent a communication in interstate commerce;

   (b)   That a reasonable observer would view the communication as a threat; and

1

(c) That the Defendant intended the communication as a threat.

3. The United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about May 22, 2025, the Defendant used his Google email account to send an email to Jackie Steele, who was residing in Laurel County, within the Eastern District of Kentucky. Steele was the Commonwealth Attorney for Laurel and Knox Counties in Kentucky throughout the Defendant's course of conduct.

(b) This email contained a communication that a reasonable observer would see as a threat, and the Defendant intended the communication to be a threat. Specifically, the email indicated that Steele needed curtains in his residence, went on to reference his wife being "in bed" and his children "roaming around" – the implication being that Steele should fear for the safety of his family. The message was sent as part of a series of e-mails that spanned multiple weeks that expressed the Defendant's anger with Steele based on Steele's service as Commonwealth Attorney.

4. The statutory punishment for the offense is not more than 5 years of imprisonment, a fine of not more than $250,000, and not more than 3 years of supervised release. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a)   The version of the United States Sentencing Guidelines (U.S.S.G.) Manual in effect during the time of sentencing shall be used to determine the Defendant's guideline range.

(b)   Pursuant to U.S.S.G. § 2A6.1(a)(1), the base offense level, based on direct and relevant conduct is a level 12.

(c) Pursuant to U.S.S.G. § 2A6.1(b)(2), increase by two levels because the offense involved more than two threats.

(d)   Pursuant to U.S.S.G. § 3E1.1, unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.   No agreement exists concerning the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.   The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8.   The Defendant agrees that a three-year term of supervised release should be imposed following any term of imprisonment and that a special condition prohibiting any direct or indirect contact with Jacke Steele and his family is appropriate. That special condition should include the ability of the United States Probation Office to monitor the Defendant's electronic communications, including e-mail, phone, text, and social media applications.

9.   If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10.   This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11.   This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12.   The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: _9/22/25_

By: _____
W. Samuel Dotson
Assistant United States Attorney

Date: 9-22-25

X_____
Christopher Rhodes
Defendant

Date: 9-22-25

_____
Douglas G. Benge
Attorney for Defendant

4